UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH FAGAN,

                         Petitioner,

    -against-

SUPERINTENDENT, EASTERN NY
CORRECTIONAL FACILITY,

                         Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/08/2024_

20 Civ. 7389 (AT) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Petitioner *pro se*, Keith Fagan, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Pet., ECF No. 1. The Court referred the Petition to the Honorable Sarah Netburn for a report and recommendation. ECF No. 8. Before the Court is Judge Netburn's Report and Recommendation (the "R&R"), dated May 2, 2022, which recommends that the Petition be denied, *see generally* R&R, ECF No. 17, and Fagan's objections to the R&R, Pet'r Objs., ECF No. 22.

    For the reasons stated below, the Court OVERRULES Fagan's objections to the R&R, ADOPTS the R&R's conclusions, and DENIES the Petition.

**DISCUSSION**[1]

I.    Standard of Review

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews de novo those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R and the Court's order to show cause, ECF No. 6, and, therefore, does not summarize them here.

or general objections, or simply reiterates the original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. <u>Petitioner's Objections</u>

On February 16, 2021, the Court found that Fagan's petition was deficient in three ways: first, it was time-barred; second, he sought to challenge a conviction for which he was not "in custody," contravening the rule set forth in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); and, third, he claimed "actual innocence" as to a legal designation, rather than as to the conduct underlying the offense. ECF No. 6 at 4–12. In light of his *pro se* status, however, the Court directed Fagan to file a declaration showing why the Petition should not be denied. *Id.* at 12. On April 6, 2021, Fagan filed his declaration. ECF No. 7. The Court referred the matter to Judge Netburn, ECF No. 8, who found that the petition remained deficient in each of the three ways identified by the Court. R&R at 2–3. Fagan now objects to the R&R's findings. Pet'r Objs. at 1.

However, Fagan's objections to the R&R are not "specific and clearly aimed at particular findings in the magistrate's proposal," but rather repeat arguments already made or issues already addressed by the Court. *Pinkney*, 2008 WL 2811816, at *1. For example, the R&R found that Fagan had not shown the "extraordinary circumstances" required for equitable tolling. R&R at 8. In his objections, Fagan states that he "explained why [his] habeas application was late." Pet'r Objs. at 2. But, he does not challenge the R&R's finding that this explanation was insufficient. *Id.* Although the Court grants *pro se* litigants leniency, "no party [shall] be allowed a 'second bite at the apple' by simply relitigating a prior argument," as Fagan does here. *Id.* Given that Fagan "simply reiterates [his] original arguments," the Court reviews the R&R "strictly for clear error," *Harris*, 338 F. Supp. 3d at 174, and concludes that Judge Netburn did not clearly err in her analysis.

The Court has reviewed the remainder of the R&R for clear error and found none.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Fagan's objections to the R&R, ADOPTS the R&R in its entirety, and DENIES Fagan's petition.

The Clerk of Court is directed to close this matter and mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated: January 8, 2024
    New York, New York

ANALISA TORRES
United States District Judge